```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

DARYL MCZILKEY,                  §
                                 §
    Petitioner,              §
                                 §
VS.                              §    Civil Action No. 4:15-CV-061-Y
                                 §
RODNEY W. CHANDLER, Warden,      §
FCI-Fort Worth,                  §
                                 §
    Respondent.              §

## OPINION AND ORDER

    Before the Court is petitioner Daryl McZilkey's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot.

### I.  Factual and Procedural Background

    Petitioner is serving a 180-month term of imprisonment on his 2008 conviction in the Southern District of Georgia for possession with intent to distribute 5 grams or more of methamphetamine. (Resp't's App. 8-9, ECF No. 7.) By way of this petition, Petitioner challenges a 2012 disciplinary proceeding conducted at the Federal Correctional Institution in Manchester, Kentucky (FCI-Manchester), and the resultant sanctions, including the loss of 41 days of accrued good-conduct time. (*Id.* at 3.) Petitioner was charged in Incident Report No. 2324661 with possession of a hazardous tool, cigarettes, and snuff, a code 108 violation; and being in an unauthorized area with a member of the opposite sex, a code 221

violation. (*Id.* at 1-2.) Following a disciplinary hearing on July 19, 2012, the disciplinary hearing officer ("DHO") found Petitioner in violation of the prohibited acts. (*Id.* at 2-3.) Petitioner appealed the DHO's decision on the grounds that he was in possession of tobacco and snuff but never in possession of a cell phone, as alleged in the DHO's reasons for the action taken, and never in an unauthorized area with a person of the opposite sex. (Pet. Attachs., ECF No. 1.)

Respondent has provided the declaration of James Catron, a Regional Discipline Hearing Administrator for the Federal Bureau of Prison ("BOP")'s South Central Region, confirming that the violations have been reversed and the 41 days of good time disallowed on July 19, 2012, have been restored. (Resp't's App. 3, ECF No. 7.) A "reissued incident report" was provided to Petitioner, and on April 17, 2015, a rehearing was held. Petitioner was found to have committed the prohibited act of being in possession of a nonhazardous tool or item, tobacco, a code 331 violation. (*Id.*) Among other penalties, he was sanctioned with disallowance of 13 days of good time. (*Id.* at 3.) Nothing in the record suggests that Petitioner appealed the DHO's decision on rehearing.

Respondent asserts that the petition has been rendered moot. The Court agrees. The BOP has reexamined the disciplinary proceedings, withdrawn the sanction of disallowing 41 days of

2

Petitioner's good conduct time, and expunged the incident report from his record. As there is no longer any relief for the Court to award, the petitioner should be dismissed as moot.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as moot and DENIES a certificate of appealability.

SIGNED September 26, 2016.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE